Christopher J. Hamner, Esq. (SBN 197117)
**HAMNER LAW OFFICES, APLC**
26565 West Agoura Road, Suite 200-197
Calabasas, California 91302
Telephone: (888) 416-6654
chamner@hamnerlaw.com

Jose Garay, Esq. (SBN 200494)
**JOSE GARAY, APLC**
249 E. Ocean Blvd., Suite 814
Long Beach, California 90802
Telephone: (949) 208-3400
jose@garaylaw.com

Attorneys for Plaintiff Steven Alvarado and the proposed class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT (SAN JOSE)

| | |
|---|---|
| STEVEN ALVARADO, an individual California resident, and the proposed class, <br><br> Plaintiff <br><br> v. <br><br> AMAZON.COM, INC., a Delaware corporation; and DOES 1 THROUGH 10, inclusive, <br><br> Defendants. | Case No.: 5:20-cv-07292-BLF <br><br> ████████ FIRST AMENDED CLASS ACTION COMPLAINT FOR: <br><br> 1. FAILURE TO PAY WAGES <br> 2. FAILURE TO PAY OVERTIME <br> 3. FAILURE TO PROVIDE REST BREAKS <br> 4. FAILURE TO PROVIDE MEAL PERIODS <br> 5. WAGE STATEMENT VIOLATIONS <br> 6. UNFAIR BUSINESS PRACTICES <br> 7. VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT <br> 8. FAILURE TO PAY WAGES TO TERMINATED AND RESIGNED EMPLOYEES (Labor Code Section 203) <br> 9. FAILURE TO REIMBURSE BUSINESS EXPENSES (Labor Code Section 2802) |

Plaintiff Steven Alvarado, (hereinafter "Plaintiff") on behalf of himself and the proposed class, brings the following causes of action against Defendants.

## II.   THE PARTIES

### A.   Plaintiff

1. Plaintiff Steven Alvarado ("Plaintiff") is a California resident. At all relevant times alleged herein, Plaintiff was employed by Defendant Amazon.com, Inc. as a non-exempt hourly IT support technician.

### B.   Defendants

2. Defendant Amazon.com, Inc. ("Amazon" or "Defendant") is a Delaware corporation located in Seattle Washington.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued here in as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendant by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that Defendants designated herein as a DOE are legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

## III. GENERAL ALLEGATIONS

4. Plaintiff worked as a non-exempt IT support technician for Defendant from April of 2019 to September of 2019.

5. Plaintiff seeks to represent a proposed class of all hourly IT workers who worked for Amazon in California in the last four (4) years (the "Liability Period"). Plaintiff alleges, among other things, that he and the proposed class were not paid an hourly wage or overtime pay during the Liability Period, and were not able to take timely and uninterrupted meal periods and rest breaks.

6. Plaintiff alleges he and the proposed class have suffered Labor Code violations including but not limited to violations of Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 1194, 2750.5 and 2802.

7. Plaintiff also alleges Defendant's corporate policies and procedures were / are such that Plaintiff was not able to, or permitted to, take legal rest and meal breaks pursuant to the California Labor Code, Industrial Welfare Commission Wage Order 5-2001, and other applicable Wage Orders.

8. Plaintiff alleges that Defendant knew or should have known that Defendant's company-wide policies and procedures prevented Plaintiff and the proposed class from taking timely, uninterrupted, and uncontrolled rest and meal breaks.

9. Plaintiff alleges restitution is owed by Defendant to Plaintiff and the proposed class for unpaid wages due to untimely, unprovided, unrecorded and / or interrupted meal and rest periods.

10. Defendant's pay policies as alleged herein resulted in a failure to pay all wages due for compensable work time while Plaintiff and the proposed class remained subject to Defendant's control. Plaintiff alleges this policy and practice violates California Labor Code sections 200-202, 510 and 1194, and California Industrial Wage Commission (IWC) Wage Order 4-2001.

11. As a result of the Defendant's unlawful pay policies as alleged herein, Defendants failed to provide accurate and itemized wage statements to Plaintiff and the proposed class as required by Labor Code section 226.

12. On June 13, 2020, Plaintiff filed a Private Attorney General Act (PAGA) complaint with California's Labor Workforce Development Agency (LWDA) alleging Defendant had violated Labor Code sections 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802. Thereafter, Plaintiff served a copy of this PAGA complaint on Amazon.com by certified mail.

## IV. CLASS ALLEGATIONS

13.  Plaintiff seeks to represent the following class pursuant to Federal Rule of Civil Procedure Rule 23:

> **All persons who have worked for Amazon.com in California as a non-exempt IT worker in the last four (4) years and continuing.**

Plaintiff reserves the right to amend this class definition.

14.  *Numerosity.* The members of the proposed class are so numerous that individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed class contains hundreds of thousands of members. The precise number of proposed class members is unknown to Plaintiff. The true number of the proposed class is known by the Defendant, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

15.  *Existence and Predominance of Common Questions of Law and Fact.* Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual proposed class members. There are common legal and factual questions regarding, among other things, whether Plaintiff and the class they seek to represent are owed unpaid wages and unpaid overtime, and how much Defendant owe Plaintiff and the proposed class.

16. *Typicality.* Plaintiff's claims are typical of the claims of the proposed class.

17. *Adequacy of Representation.* Plaintiff will fairly and adequately protect the interests of the members of the proposed class. Plaintiff has retained counsel experienced in complex class action litigation. Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the proposed class.

18. *Superiority.* A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual proposed class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the defendant. It would thus be virtually impossible for the class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if proposed class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision

by a single court, and presents no unusual management difficulties under the circumstances here.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Failure to Pay Minimum Wage (Labor Code §§ 1194, 1197 and 1197.1)**

19. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if set forth herein.

20. Defendant illegally failed to pay wages and overtime wages owed, and in so doing, Defendant willfully violated the provisions of Labor Code sections 510, 1194, 1198, 1199, IWC Wage Order and California Code of regulations, Title 8, section 11160(3).

21. Plaintiff seeks all actual, consequential and incidental losses and damages according to proof, and penalties of $100.00 for the initial failure to timely pay minimum wages and $250.00 for each subsequent failure to pay minimum wages pursuant to California Labor Code section 1197.1, liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to California Labor Code section 1194.2, all unpaid wages and civil penalties pursuant to California Labor Code section 2699(g) and (g) and 558 in an amount of one hundred dollars ($100) for each violation per pay period for the initial violation and two hundred dollars ($200) per pay period for each

subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 1198. Plaintiff is liable to Plaintiff and the proposed class for actual wage and hour damages, statutory damages, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Wages

### (Labor Code §§ 510, 1194, 1198, and 1199, IWC Wage Orders)

22. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if set forth herein.

23. Plaintiff and the proposed class often worked more than 8 hours in a day and 40 hours in a week but were not paid at 1.5 times their regular rate for all of their overtime hours worked. Defendant illegally failed to pay overtime wages to Plaintiff and the proposed class as required by California law, and in so doing, Defendant willfully violated the provisions of Labor Code sections 510, 1194, 1198, 1199, IWC Wage Orders, and California Code of regulations, Title 8, section 11160(3).

24. California law requires employers to pay overtime compensation to all non-exempt employees for all hours worked over eight (8) hours in a day or forty (40) hours in a week for overtime, and to pay double time for shifts over twelve (12) hours.

25. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of compensation for overtime worked on behalf of Defendant, in an amount to be established at trial, including prejudgment interest, and costs and attorney's fees, pursuant to statute and other applicable law.

26. Plaintiff alleges Defendant is liable to Plaintiff and the proposed class for actual wage and hour damages, statutory damages, and attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### Failure to Provide Rest Breaks

### (Labor Code § 226.7, 512; IWC Order 5; Cal. Code Regs., Title 8 § 11050)

27. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

28. By failing to provide rest periods every four (4) hours or major fraction thereof worked per workday by non-exempt employees and failing to provide one (1) hour's pay in lieu thereof, Defendant willfully violated the provisions of Labor Code section 226.7 and IWC Wage Orders at section 12.

29. By failing to keep adequate time records as required by sections 226 and 1174(d) of the Labor Code and IWC Wage Order at section (7), Defendant has injured Plaintiff and made it difficult to calculate the unpaid rest and meal

period compensation due Plaintiff. On information and belief, Plaintiff alleges Defendant's failure to maintain accurate time records for Plaintiff and the proposed class was willful.

30. As a result of the unlawful acts of Defendant, Plaintiff and the proposed class have been deprived of premium wages in amounts to be determined at trial, and are entitled to an accounting and recovery of such amounts, plus interest and penalties thereon, attorneys fees and costs, under Labor Code sections 201, 202, 203, 218.5, 226, 226.7, 1194 and 1199, and the applicable IWC Wage Orders.

31. Plaintiff alleges Defendant is liable to Plaintiff and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### Failure to Provide Meal Periods

### (Labor Code § 226.7 and 512)

32. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

33. California law, as set forth in relevant part by the Industrial Welfare Commission Wage Orders at section (11), provides as follows:

> i. No employer shall employ any person for a work period or more than five (5) hours without a meal period of not less than 30 minutes…
>
> ii. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

34. Labor Code § 226.7 requires payment of one (1) hour of pay in lieu of meal periods not provided by the employer. Throughout the period applicable to this cause of action, Defendant consistently failed to allow and provide meal periods to Plaintiff and the proposed class, required by California law.

35. Plaintiff alleges Defendant required Plaintiff to work during meal periods mandated by the applicable orders of the Industrial Welfare Commission.

36. On information and belief, Plaintiff alleges he and the proposed class did not voluntarily or willfully waive rest and meal periods and were regularly required to work through rest and meal periods. Defendant failed to meet the requirements for lawful on-duty rest and meal periods and instead instituted a course of conduct that created a working environment in which non-exempt employees were discouraged from, or not able to take timely rest and meal

periods. Plaintiff alleges that any written waivers were obtained improperly and without full disclosure and are thus involuntary and without consent.

37.   Plaintiff alleges Defendant is liable to Plaintiff and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### Wage Statements Violations

(Labor Code §226(a))

38.   Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

39.   Section 226(a) of the California Labor Code requires Defendants to itemize all wage statements deductions from payment of wages and to accurately report total hours worked by Plaintiff and the proposed class. Plaintiff alleges Defendant has knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement provided to Plaintiff.

40.   California Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages: Every employer shall at the time of each payment of wages, furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the number of piece rate units worked or earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates for the period paid, (7) partial social security

number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

41. As a consequence of Defendant's knowing and intentional failure to comply with Labor Code section 226(a), Plaintiff and the proposed class are entitled to actual damages or penalties not to exceed $4,000 each pursuant to Labor Code section 226(b), together with interest thereon and attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### Violations of the Unfair Competition Law

(Bus. & Prof. Code, §§ 17200-17208)

42. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

43. Defendant's policy and practices alleged herein resulted in the Defendant's failure to pay for all working hours and failure to pay overtime, as mandated by law. Plaintiff alleges Defendant has violated IWC Wage Orders and California Labor Code by engaging in the violations alleged herein, which constitute unlawful activity prohibited by Business and Professions Code section 17200 *et seq.*

44. The actions of Defendant in failing to pay Plaintiff and the proposed

class in a lawful manner constitutes false, unfair, fraudulent and deceptive business practices within the meaning of Business and Professions Code, sections 17200, *et. seq.*

45.  Plaintiff is entitled to an injunction, specific performance under Business and Professions Code, section 17202, and other equitable relief against such unlawful practices in order to prevent future loss, for which there is no adequate remedy at law.

46.  As a result of Defendant's unlawful acts, Defendant has reaped and continue to reap unfair benefits at the expense of Plaintiff and the proposed class. Defendants should be enjoined from this activity, caused to specifically perform their obligations, and made to disgorge these ill-gotten gains, and restore to Plaintiff and the proposed class wrongfully withheld wages and other moneys pursuant to Business and Professions Code, sections 17200 *et seq.*  Plaintiff is informed and believes, and on that basis alleges, that Defendant has been unjustly enriched through Defendant's failure to provide wages and overtime wages to Plaintiff and the proposed class.

47.  Plaintiff and the proposed class have been prejudiced by Defendant's unfair trade practices.

48. As a direct and proximate result of the unfair business practices of Defendant, and each of them, Plaintiff and the proposed class are entitled to equitable and injunctive relief, full restitution, specific performance, and disgorgement.

49. The illegal conduct alleged herein is continuing and there is no indication that Defendant will discontinue such activity in the future. Plaintiff alleges that if Defendant is not enjoined from the conduct set forth in this Complaint, Defendant will continue to fail to pay all wages owed.

50. Plaintiff requests that the court issue a preliminary and permanent injunction prohibiting Defendant from continuing to fail to pay all wages owed.

## SEVENTH CAUSE OF ACTION

### Violation of the Private Attorneys General Act

### (Labor Code §§ 2698)

51. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

52. As a result of the acts alleged above, Plaintiff seeks penalties under all Labor Code Sections, including but not limited to, 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802.

53. For each such violation, Plaintiff is entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

      1. For $100 for the initial violation per pay period.

      2. For $200 for each subsequent violation per pay period.

54. These PAGA penalties should be allocated 75% to the Labor and Workforce Development Agency ("LWDA") and 25% to the affected employee.

55. Plaintiff filed a PAGA complaint online with the LDWA on or about May 6, 2020, and served Defendants by certified mail as prescribed by the Labor Code. Plaintiff seeks penalties as though the LWDA decided not to investigate pursuant to Labor Code §2699.3(a)(2)(A).

56. Plaintiff seeks PAGA penalties for the Labor Code violations alleged herein suffered by Plaintiff and his fellow aggrieved Amazon IT workers from May 6, 2019 through the present and continuing.

## EIGHTH CAUSE OF ACTION

### Failure to Pay Wages of Terminated or Resigned Employees

### (Labor Code § 201-203)

57. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

58. As of the filing of the Complaint, Defendant has failed to timely pay wages due, and Plaintiff is owed penalties pursuant to Labor Code sections 201, 202 and 203.

59. Defendant failed to pay Plaintiff and the proposed class, without

abatement, all wages owed to Plaintiff within the time required by applicable California law. Among other things, these employees were never paid any of the overtime compensation referred to in this Complaint, nor were they paid the other unpaid wages referred to in this Complaint. Defendant's failure to pay said wages within the required time was willful within the meaning of Labor Code section 203.

60. Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all wages due, up to a maximum of thirty days' wages for each employee. Because Plaintiff and the proposed class were never paid the overtime wages to which they were entitled, and were never paid other unpaid wages referred to in this Complaint, each of said employees is entitled to thirty days' wages.

61. Plaintiff alleges Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## NINTH CAUSE OF ACTION

### Failure to Reimburse Business Expenses

(Labor Code § 2802)

62. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

63. Plaintiff alleges that at times Defendant has failed to reimburse reasonable business expenses to Plaintiff and the proposed class.

64. Plaintiff alleges Defendant is liable to Plaintiff for actual damages, including expense reimbursement, and attorneys' fees and costs.

## VI.

## PRAYER FOR RELIEF

Plaintiff prays as follows:

1. That the Court determine that the failure of the Defendants to pay compensation to the Plaintiff is adjudged and decreed to violate the applicable IWC Wage Orders, regulations and statutes;

2. That the Defendants are ordered to pay and judgment be entered for wages for Plaintiff according to proof;

3. That the Defendants are ordered to pay and judgment be entered for overtime wages, to Plaintiff according to proof;

4. That the Defendants are ordered to pay and judgment be entered for liquidated damages under Labor Code section 1194.2 to Plaintiff according to proof:

5. That the Defendants are ordered to pay and judgment be entered for Labor Code, section 226 penalties to Plaintiff according to proof;

6. That the Defendants are ordered to pay and judgment be entered for

Labor Code, section 226(f) penalties to Plaintiff according to proof;

7. That the Defendants are ordered to pay and judgment be entered for Labor Code, section 203 penalties to Plaintiff according to proof;

8. That the Defendants are found to have engaged in unfair competition in violation of Business and Professions Code, section 17200;

9. That the Defendants are ordered and enjoined to pay restitution to Plaintiff due to the Defendants' unlawful and unfair competition, including disgorgement of their wrongfully obtained profits, wrongfully withheld wages according to proof, and interest thereon pursuant to Business and Professions Code, sections 17203 and 17204;

10. That Defendants are enjoined from further acts of unfair competition and specifically from failing to pay compensation to Plaintiff;

11. That Plaintiff is awarded Attorneys' fees and costs pursuant to statute, including but not limited to Labor Code, section 1194 and Code of Civil Procedure, section 1021.5;

12. Otherwise determine the appropriate remedy to compensate Plaintiff, as required to promote fairness and justice, including but not limited to establishing procedures for compensation, compensation amounts and fluid recovery if appropriate.

13. Prejudgment Interest; and

14. Any other relief this court deems proper.

DATED: August 4, 2021          HAMNER LAW OFFICES, APLC

_____
Christopher J. Hamner
Attorneys for Plaintiff