1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| STEVEN ALVARADO, | Case No.  20-cv-07292-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |
| AMAZON.COM, SERVICES LLC, | [Re:  ECF No. 29] |
| Defendant. | |

In this case, Plaintiff Steven Alvarado alleges that Defendant Amazon.com failed to pay him and all of its hourly IT workers in California proper hourly and overtime wages and prevented them from taking rest and meal breaks, all in violation of California law.  Before the Court is Amazon's motion to dismiss the First Amended Complaint.  *See* ECF No. 29 ("MTD").  Alvarado opposes the motion.  ECF No. 32 ("Opp.").  The Court found this motion suitable for disposition without oral argument and previously vacated the April 7, 2022 hearing.  *See* ECF No. 34.  For the reasons explained below, the Court GRANTS the motion WITH LEAVE TO AMEND.

## I.   BACKGROUND

As alleged in the First Amended Complaint and accepted as true for the purposes of this motion, Plaintiff Steven Alvarado worked as a non-exempt IT support technician for Amazon from April 2019 through September 2019.  ECF No. 25 ("FAC") ¶ 4.  Alvarado alleges that Amazon failed to pay him and other hourly IT workers in California a proper hourly wage or overtime pay.  *Id.* ¶ 5.  Alvarado further alleges that Amazon's corporate policies prevented him from taking "timely, uninterrupted, and uncontrolled rest and meal breaks."  *Id.* ¶ 8.  As a result of these policies, Amazon further failed to provide "accurate and itemized wage statements" to Alvarado.  *Id.* ¶ 11.  Alvarado seeks to represent a class of all non-exempt IT workers who worked

for Amazon in California over the last four years. *Id.* ¶ 13.  Alvarado brings claims for failure to pay minimum wage, Cal. Lab. Code §§ 1194, 1197, 1197.1, SAC ¶¶ 19–21; failure to pay overtime wages, Cal. Lab. Code §§ 510, 1194, 1198, 1199, SAC ¶¶ 22–26; failure to provide rest breaks, Cal. Lab. Code §§ 226.7, 512, IWC Order 5, Cal. Code Regs., Title 8 § 11050, SAC ¶¶ 27–31; failure to provide meal periods, Cal. Lab. Code §§ 226.7, 512, SAC ¶¶ 32–37; wage statements violations, Cal. Lab. Code § 226(a), SAC ¶¶ 38–41; violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200–17208, SAC ¶¶ 42–50; violation of the Private Attorneys General Act, Cal. Lab. Code § 2698, SAC ¶¶ 51–56; failure to pay wages or terminated or resigned employees, Cal. Lab. Code §§ 201–203, SAC ¶¶ 57–61; and failure to reimburse business expenses, Cal. Lab. Code § 2802, SAC ¶¶ 62–64.

## II.   LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

## III.   DISCUSSION

Amazon moves to dismiss all nine of Alvarado's claims under Rule 12(b)(6).  Amazon's arguments against each of Alvarado's claims all fall in the same vein:  that the First Amended Complaint fails to provide any factual allegations that support Alvarado's claims that Amazon violated California labor law.  *See, e.g.*, MTD at 5–6 (Alvarado "failed to allege any specific workweek in which he purportedly worked uncompensated regular or overtime"); *id.* at 6–7 (Alvarado failed to allege facts that "specify precisely how [Amazon] failed to 'provide' a meal break"); *id.* at 8–9 (Alvarado failed to allege how "Amazon failed to authorize and permit rest breaks to him or anyone else").  In response to each of these arguments, Alvarado merely repeats his allegations and, without citation to any case, says that he has alleged sufficient facts to survive a motion to dismiss.  *See, e.g.*, Opp. at 3-4 (quoting from FAC and saying "Plaintiff submits that he has alleged sufficient facts to make plausible claims for unpaid wages and unpaid overtime").

The Court agrees with Amazon and finds that Alvarado's First Amended Complaint fails to contain sufficient factual allegations to support any of his claims.  The only true factual allegation in the First Amended Complaint is that Alvarado worked for Amazon as a non-exempt IT support technician from April 2019 through September 2019.  FAC ¶ 4.  The other paragraphs of the First Amended Complaint consistent entirely of conclusory statements that often parrot language from the relevant portions of the California Labor Code.  For example, Alvarado alleges that he and the proposed class "were not paid an hourly wage or overtime pay," *id.* ¶ 5, but he does not allege any specific time period in which he worked but was not paid properly.  He alleges that Amazon's "corporate policies and procedures [are] such that [Alvarado] was not able to, or permitted to, take legal rest and meal breaks," *id.* ¶ 7, but he fails to allege any specific Amazon policy at issue or at least specific instances in which he was refused a legally required rest or meal break.

Without any factual support for his conclusory statements, Alvarado cannot sustain his claims for labor violations, as numerous courts have held.  For claims for uncompensated time or overtime (claims 1–2), "at a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess in that workweek, or was not paid

United States District Court
Northern District of California

1  minimum wages." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014) (FLSA

2  claims); *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 942 (N.D. Cal. 2016) (applying

3  *Landers* to California labor claims).  For his claims for failure to provide required rest and meal

4  periods (claims 3–4), Alvarado must at least allege a specific Amazon corporate policy prohibiting

5  those breaks or a specific instance or instances in which he was denied a required break.  *See, e.g.*,

6  *Brown v. Wal-Mart Stores, Inc.*, 2013 WL 1701581, at *5 (N.D. Cal. Apr. 18, 2013) (dismissal

7  warranted where plaintiffs failed to allege facts supporting conclusory allegations that Wal-Mart

8  "pressured, incentivized, and discouraged" drivers from taking lunch breaks or that scheduling

9  policy made it "difficult" for drivers to take breaks).  Because Alvarado has failed to state a claim

10 for failure to pay wages, his derivative claims for wage statement violations (claim 5) and failure

11 to pay wages of terminated or resigned employees (claim 8) also fail.  *See Bush v. Vaco Tech.*

12 *Servs., LLC*, 2018 WL 2047807, at *10 (N.D. Cal. May 2, 2018).  On his claim for failure to

13 reimburse business expenses (claim 9), Alvarado has not alleged any specific instance in which he

14 was not reimbursed for expenses that were within his job duties.  *Reed v. AutoNation, Inc.*, 2017

15 WL 6940519, at *6 (C.D. Cal. Apr. 20, 2017) (plaintiff failed to allege that cell phone expenses

16 were required as part of his job duties).  And because his claims for violations of the Private

17 Attorneys General Act and the Unfair Competition Law (claims 6–7) are based on predicate

18 violations of other laws, those claims fail because Alvarado has not plausibly pleaded any other

19 violation of law.  *See Yang v. Francesca's Collections, Inc.*, 2018 WL 984637, at *8 (N.D. Cal.

20 Feb. 20, 2018) (dismissing UCL claim as derivative of other failed claims for Labor Code

21 violations); *Bush*, 2018 WL 2047807, at *12 (dismissing PAGA claim as "derivative of"

22 plaintiff's Labor Code claims).

23       Accordingly, each of Alvarado's claims will be dismissed.  Because the Court has

24 identified specific factual deficiencies in Alvarado's complaint, Alvarado will be given leave to

25 amend to address them.  Alvarado should also consider the other arguments Amazon makes in its

26 motion to dismiss, which the Court need not reach because of the sparsity of Alvarado's factual

27 allegations.  *See, e.g.*, MTD at 12–13 (arguing that the UCL claim fails because Alvarado has an

28 adequate remedy at law); *id.* at 10 (arguing that claim for failure to pay all wages is deficient for

lack of facts to support element of willfulness).

## IV.     ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Amazon's motion to dismiss is GRANTED WITH LEAVE TO AMEND.  Alvarado SHALL file an amended complaint within 30 days of this Order.  Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in dismissal of Alvarado's claims with prejudice. Alvarado may not add new claims or parties without leave of Court or consent from Amazon.

Dated:  March 28, 2022

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California